IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALBERT KEITH HAYNES,

    Petitioner,

v.                                                      CASE NO. 1:12-cv-270-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 Alachua County conviction for aggravated battery. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. (Doc. 19.) Petitioner has filed a Response. (Doc. 22.) Upon due consideration of the motion to dismiss, the Petitioner's response, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

## One-Year Limitations Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner's state court procedural history is as follows: Petitioner was convicted of one count of aggravated battery with a deadly weapon following his jury trial on August 28, 2006.  (Doc. 19, Exh. C.)  He was sentenced on January 29, 2007 to 20 years imprisonment (as a Habitual Violent Felony Offender) and given 334 days of credit for time served.  (Exhs. F, G.)  Petitioner appealed his conviction, which was affirmed without opinion by the First DCA on December 7, 2007.  (Exh. H); *Haynes v. State,* 969 So. 2d 1010 (Fla. 1st DCA 2007) (table).  Petitioner's conviction became final 90 days later, on March 6, 2008,  when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

The one-year limitations ran for **111 days** from after March 6, 2008 until June 26, 2008, when Petitioner filed a *pro se* Rule 3.800(a) motion.  (Exh. I.)  The state court granted relief on July 23, 2008, finding that Petitioner was entitled to 345 days of credit for time served, not the 334 days awarded at sentencing.  Per the trial courts instructions, the clerk entered, *nunc pro tunc* January 29, 2007, an amended judgment sentence reflecting 345 days of credit for time served.  (Exh. J.)  Petitioner did not appeal, and the limitations period began running after August 22, 2008, when his time

to file a notice of appeal expired.[2] The limitations period ran for **26 days** until it was tolled by the filing of a state habeas petition. (Exhs. L1, L2.) The first DCA denied the petition without explanation; Petitioner filed a motion for rehearing; and the DCA denied the motion for rehearing on November 24, 2008. (Exhs. M-O.) The limitations began running again and did so for **125 days**, until Petitioner filed another Rule 3.800(a) motion, which was summarily denied. (Exh. P.) During the pendency of the second Rule 3.800(a) motion, Petitioner also filed a Rule 3.850 motion (on May 13, 2009). The Rule 3.850 motion was denied by the state court and this decision was affirmed by the First DCA. (Exhs. S-W.) Mandate issued on August 17, 2011. (Exh. X.)

With 262 days already elapsed in the limitations period, the limitations period began to run after mandate issued on August 17, 2011, and continued an additional **103 days** until it expired on November 28, 2011. Petitioner provided the instant habeas petition to prison officials for mailing on November 28, 2012 (Doc. 1), a year after the limitations period expired. Accordingly, because Petitioner did not file the instant habeas petition until a year after the limitations period had already expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitations period.

---

[2] Although resentencing and the entry of an amended judgment will restart the one-year limitations period, in this case Petitioner was not resentenced and the *nunc po tunc* amendment did not give rise to a second opportunity to appeal. Rather, the Court amended the judgment in light of the fact that trial counsel miscalculated the credit due for time served. *See Graham v. Smelser*, 422 Fed. Appx. 705 (10th Cir. 2011) (rejecting Petitioner's argument that the AEDPA limitations period began anew when the state court gave him credit for time served); *United States v. Dodson*, 291 F.3d 268 (4th Cir. 2002) ("noting that finality is not delayed if an appellate court disposes of all counts in a judgment but remands for a ministerial purpose that could not result in a valid second appeal").

## **Petitioner is Not Entitled to Equitable Tolling**

"Equitable toling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Illness can toll the statute of limitations "if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 Fed. Appx. 725 (6th Cir. 2005). Analysis of equitable tolling claims is highly fact-specific and "the exercise of a court's equity powers must be made on a case-by-case basis." *Holland v. Florida*, ____ U.S. ____, 130 S. Ct. 2549, 2563 (2010). Furthermore, "specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 2563. It is worth noting that "very few courts have addressed the issue of whether a petitioner's physical and/or mental illness can toll the AEDPA's one-year limitations period. *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 168 (S.D. N.Y. 2000) (listing cases).

In his response in opposition to the motion to dismiss, Petitioner contends that he is entitled to equitable tolling because "the mental incompetence of Petitioner required him to be placed in restricted confinement and unaccessible to legal matters in such 'state of mind' as well as him having to rely upon others to assist in preparation and presentation of documents in state or federal courts." (Doc. 22, p. 2.) Petitioner argues that the "Court should accord equitable tolling, since he has shown that, but for mental impairment episodes, he has been pursuing his rights diligently to seek collateral relief in state and federal courts." (*Id.*)  In support of this contention, Petitioner has provided a document that appears to chronicle his mental health treatment at the DOC.  The document is "Approved by" John A. Perry, Ph.D., P.A., Senior Mental Health Clinician and licensed therapist at Walton C.I.  The document reflects that Plaintiff was:

- Admitted to self harm observation status at Madison C.I. on 12/7/10
- Transferred to crisis stabilization unit (CSU) at Lake C.I. on 12/10/10
- Discharged from CSU to transitional care unit (TCU) at Lake C.I. on 1/5/11
- Discharged from TCU on 2/17/11
- Received outpatient individual counseling and case management from 2/17/11 to 8/12/11 at Columbia C.I. and Santa Rosa

(*Id.* at p. 10.)  Even assuming that these isolated incidents of mental health treatment could give rise to the type of extraordinary circumstances necessary to apply equitable tolling, it would not render the instant petition timely.  Petitioner's Rule 3.850 motion tolled the limitations period from May 13, 2009 to August 17, 2011.  The mental health episodes Petitioner alleges entitle him to equitable tolling occurred while the limitations was already being tolled by the 3.850 motion.  Accordingly, even if it Petitioner was entitled to equitable tolling for these incidents of alleged mental incapacity, it would

have no effect on the timeliness of the instant petition.

### The "Actual Innocence" Exception to the Limitations Period Does Not Apply

Petitioner makes conclusory references to his "actual innocence" and how this is also a basis to avoid the time-bar. To the extent he alleges that photographs taken of him with injuries shortly after the aggravated battery for which he was convicted constitute new evidence that he is actually innocent, this is insufficient to invoke the actual innocence exception. An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In the instant case, it is apparent that the evidence upon which Petitioner relies in support of his actual-innocence claim is not new within the meaning of the foregoing authority. The photographs were discovered by trial counsel during the trial, were the subject of a motion for a new trial, and were a part of Petitioner's Rule 3.850 postconviction motion. The trial court found that the photos were neither inculpatory nor exculpatory; the postconviction court rejected Petitioner's arguments on collateral review. (Doc. 19, pp. 55-56.) The absence of any new reliable evidence of his

asserted innocence is fatal to Petitioner's claim of entitlement to an actual innocence gateway through the one-year federal limitations bar. *See Rozzelle*, 672 F.3d at 1011; *see also Bruno v. Tucker* 2012 WL 5307931, *6 (N.D.Fla. 2012) (unpublished).[3]

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The motion to dismiss, Doc. 19, should be **GRANTED** and the petition for writ

---

[3]Although unpublished opinions are not binding on this Court, they are persuasive authority. 11th Cir. R. 36-2.

of habeas corpus, Doc. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 3rd day of October 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.